UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| 1 LT. EHREN K. WATADA,<br><br>    Petitioner,<br><br>    v.<br><br>LT. COL. JOHN HEAD, Military Judge, Army Trial Judiciary, Fourth Judicial District; LT. GEN. CHARLES JACOBY, Convening Authority, Ft. Lewis, Washington<br><br>    Respondents. | CASE NO. C07-5549BHS<br><br>ORDER GRANTING IN PART PETITIONER'S EMERGENCY MOTION FOR A STAY OF COURT MARTIAL PROCEEDINGS |

This matter comes before the Court on Petitioner's Emergency Motion for a Stay of Court Martial Proceedings (Dkt. 2). The Court has considered the pleadings filed in support of and in opposition to the motion and the oral arguments of counsel, and hereby grants the motion for the following reasons.

**I. JURISDICTION**

This Court has jurisdiction over this habeas petition under 28 U.S.C. § 2241. The writ for habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose-the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." *Peyton v. Rowe,* 391 U.S. 54, 66 (1968). Habeas petitions are available to members of the armed services who are not seeking a discharge

ORDER – 1

from military service as part of their claims. *Glazier v. Hackel,* 440 F.2d 592 (9th Cir. 1971); *Bratcher v. McNamara,* 448 F.2d 222 (9th Cir. 1971). Petitioner alleges that the restraint on liberty he is being subjected to is a court martial proceeding that would violate his Fifth Amendment right to be free from double jeopardy. Dkt. 1 at 9. The Supreme Court of the United States has held that being required to appear for trial is sufficient to show custody over an individual for habeas purposes. *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 300-301 (1984).

    As a general rule, where members of the armed forces file habeas petitions seeking relief from the military's wrongful restraint of liberty, federal civilian courts should not entertain such petitions until all available remedies within the military court system have been exhausted. *Noyd v. Bond,* 395 U.S. 683, 693 (1969). Petitioner's habeas petition asks this Court to determine issues that have also been placed before the military trial court, the Army Court of Criminal Appeals, and the United States Court of Appeals for the Armed Forces. Dkt. 2 at 2. Both the military trial court and the Army Court of Criminal Appeals have denied Petitioner's claims. *Id.* On October 5, 2007, the United States Court of Appeals for the Armed Forces issued an order denying Petitioner's claims. Dkt. 7 at 4-6. As of the date of this Order, Petitioner has exhausted his available military court remedies with respect to his double jeopardy claim that forms the basis of his habeas petition. This Court may therefore rightfully entertain the instant habeas petition.

## II. REQUIREMENT OF STAY

    Having decided that Petitioner has exhausted his military court remedies with respect to the double jeopardy claim, thereby affording the Court jurisdiction over the habeas petition, the Court must now determine whether a stay of the second military court martial proceeding is justified. The Double Jeopardy Clause "not only protects an individual against being subjected to double punishment but also is a guarantee against being twice put to trial for the same offense." *Abney v. U.S.,* 431 U.S. 651, 652 (1977). The Supreme Court held in *Abney* that for a

criminal defendant to "enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before the subsequent exposure occurs." *Id.* at 662.

The rule articulated in *Abney* applies to the instant matter if Petitioner's double jeopardy claim is meritorious or not frivolous. *United States v. Claiborne,* 727 F.2d 842, 850 (9th Cir. 1984). The Court has not been presented any evidence showing that Petitioner's double jeopardy claim lacks merit. On the contrary, the record indicates that Petitioner's double jeopardy claim is meritorious. "[A] defendant raising a meritorious *Abney* -type claim-asserting a valid, constitutional 'right not to be tried'-would be irreparably harmed if the trial court continued to proceed to trial prior to the disposition of the appeal." *Id.* at 850. The irreparable harm suffered by being put to trial a second time in violation of the Double Jeopardy Clause of the Fifth Amendment stems not just from being subjected to double punishment but also from the harm of undergoing a second trial proceeding. *Abney,* 431 U.S. 660 at 661. Having preliminarily decided that Petitioner's double jeopardy claim is not frivolous, a stay of the military court martial proceeding is justified.

### III. CONCLUSION

The Court concludes, as a preliminary matter, that it has jurisdiction over the habeas petition and that Petitioner's double jeopardy claim is not frivolous. The pending court martial proceeding scheduled to begin on October 9, 2007 should be preliminarily stayed. The Court recognizes that these issues are raised on an emergency motion and that the parties have not yet had the opportunity to provide full briefing. The government should be afforded the right to respond and Petitioner should be permitted to reply to that response.

The Court further notes that the issues raised by the petition for habeas corpus bear no relation to the charges or defenses in Petitioner's court martial proceedings. The habeas petition concerns only the alleged violation of Petitioner's Fifth Amendment right to be free from double jeopardy. This is an issue concerning Petitioner's individual constitutional right to be free from being subjected to two trial proceedings concerning the same offense and is completely unrelated to the underlying claims addressed by the military trial court.

**IV. ORDER**

Therefore, it is hereby

**ORDERED** that Petitioner's Emergency Motion for a Stay of Court Martial Proceedings (Dkt. 2) is **GRANTED in part**. Respondents are enjoined from holding the court martial proceeding referred to by Respondent Jacoby. This stay is preliminary and shall remain in place until October 26, 2007, or until further order of the Court.

It is further **ORDERED** that Respondents are to file a response to Petitioner's Emergency Motion for a Stay of Court Martial Proceedings on or before October 12, 2007; Petitioner is to file a reply to Respondents' response by October 17, 2007; and the motion is RENOTED for consideration on October 19, 2007.

DATED this 5th day of October, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4