UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

1LT. EHREN K. WATADA,

    Petitioner,

v.

LT. COL. JOHN HEAD, Military Judge, Army Trial Judiciary, Fourth Judicial District; LT. GEN. CHARLES JACOBY, Convening Authority, Ft. Lewis, Washington,

    Respondents.

CASE NO. C07-5549BHS

ORDER DENYING PETITIONER'S MOTION FOR CLARIFICATION AND/OR MODIFICATION OF PRELIMINARY INJUNCTION

This matter comes before the Court on Petitioner's Motion for Clarification and/or Modification of Preliminary Injunction (Dkt. 34). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2007, Petitioner Ehren Watada filed a Petition for Writ of Habeas Corpus (Dkt. 1) and an Emergency Motion for a Stay of Court Martial Proceedings (Dkt. 2). Petitioner "face[d] criminal charges at a court-martial trial scheduled to begin on October 9, 2007" and he alleged that the convening of the trial would violate the Double Jeopardy Clause of the Fifth Amendment. Dkt. 2 at 1. Petitioner has been charged with violating Articles 87 and 133 of the Uniform Code of Military Justice. Dkt. 1, ¶ 4.1. On November 8, 2007, the Court granted Petitioner's motion and issued a preliminary injunction. Dkt. 18. Specifically, the Court ordered as follows:

1    A preliminary injunction is hereby **ORDERED** over the court
     martial proceeding referred by Respondent Jacoby and shall remain in
2    effect until the conclusion of this habeas corpus proceeding or until further
     proceedings result in a modification or dissolution of the preliminary
3    injunction.

*Id.* at 33 (emphasis in original).

On June 25, 2008, Petitioner filed a Second Amended Petition for Writ of Habeas Corpus. Dkt. 25. "Petitioner asks this Court . . . to grant a Writ of Habeas Corpus dismissing all charges against him with prejudice . . . ." *Id.* at 25. Petitioner claims that the military trial court is without jurisdiction to convene the court martial against him because the charges are barred by either the Double Jeopardy Clause or the Due Process Clause. *Id.* at 3-25.

On July 15, 2008, the Court of Appeals for the Armed Forces issued a decision in the case of *Untied States v. Wilcox*, 66 M.J. 442 (C.A.A.F. 2008). In *Wilcox*, the court addressed the Free Speech Clause of the First Amendment and Article 134 of the Uniform Code of Military Justice. *Id.* at 446.

On August 28, 2008, Petitioner filed a Motion for Clarification and/or Modification of Preliminary Injunction. Dkt. 34. Petitioner requests that the Court "permit him to bring a pretrial motion in the trial court that addresses new developments in the law occasioned by a recent decision of the United States Court of Appeals for the Armed Forces." *Id.* at 1-2. On September 8, 2008, Respondents responded. Dkt. 36. On September 11, 2008, Petitioner replied. Dkt. 37.

## II. DISCUSSION

A party seeking modification of an injunction bears the burden of establishing "that a significant change in facts or law warrants revision . . . of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000); *see also A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002).

Petitioner has failed to show that *Wilcox* is a significant change in the law that would warrant a specific revision of this Court's preliminary injunction. Not only does

the injunction speak for itself, but also the *Wilcox* court stated that "[t]he procedural history [in this case] is important, as it frames the narrow issue presently before this Court." *Wilcox*, 66 M.J. at 443.

Petitioner also argues that "it would be judicially efficient for the Army courts to address the impact of *Wilcox* on this case." Dkt. 34 at 4. Petitioner intends to move the Army trial court for a dismissal of his Article 133 charges based on Free Speech arguments. *Id*. Respondents counter that Petitioner "is essentially requesting that the preliminary injunction, which halts the court-martial proceeding on jurisdictional grounds, be partially lifted for the purpose of allowing him to invoke the jurisdiction of the military courts in order to proceed with his First Amendment motion." Dkt. 36 at 4.

For the purposes of this motion, consideration of the issue of jurisdiction is premature. Moreover, Petitioner has failed to show that dual proceedings on the same charges would be judicially efficient. Petitioner has asked this Court to consider the dismissal of "all charges" against him. Should he not receive that requested relief, he may present his First Amendment claims to the military trial court. Finally, a ruling giving Petitioner "permission" to proceed in the military trial court while these habeas proceedings are pending would result in needless confusion of the issues.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Petitioner's Motion for Clarification And/Or Modification of Preliminary Injunction (Dkt. 34) is **DENIED**.

DATED this 23rd day of September, 2008.

BENJAMIN H. SETTLE
United States District Judge